Adam Blair Corren, SBN: 183067
Spencer D. Sinclair, SBN: 294340
LAW OFFICES OF CORREN & CORREN
5345 N. El Dorado, Suite 7
Stockton, CA 95207
Telephone: (209) 478-2621
Facsimile: (209) 478-3038
acorren@correnlaw.com
ssinclair@correnlaw.com

Attorneys for Plaintiffs

FILED
2017 DEC 27 AM 9:14
ROSA JUNQUEIRO, CLERK
BY _____

$435.—

THIS CASE HAS BEEN ASSIGNED TO JUDGE CARTER P. HOLLY IN DEPARTMENT 10B FOR ALL PURPOSES, INCLUDING TRIAL.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

| | |
|---|---|
| CHRISTOPHER DUEKER, on behalf of himself and all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CRST EXPEDITED INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. STK-CV-ODE-2017-13832<br><br>**COMPLAINT**<br><br>THIS CASE HAS BEEN ASSIGNED TO JUDGE CARTER P. HOLLY IN DEPARTMENT 10B FOR ALL PURPOSES, INCLUDING TRIAL. |

Plaintiff Christopher Dueker, on behalf of himself and all persons similarly situated, complain of Defendants CRST Expedited Inc., and Does 1 through 50, inclusive, and alleges on information and belief as follows:

### FACTS COMMON TO ALL CAUSES OF ACTION

1. At all times herein mentioned, Plaintiff Christopher Dueker was an adult individual employed by Defendant in the County of San Joaquin, State of California, and sues on behalf of himself individually and as a representative of the class described in this Complaint.

2. At all times herein mentioned, Defendant CRST Expedited Inc. was an Iowa

Law Offices of Corren & Corren
5345 N. El Dorado, Suite 7
Stockton, CA 95207
(209) 478-2621

-1-
Complaint

Exhibit A
1 of 13

corporation authorized and licensed to do business in the County of San Joaquin, State of California.

3. That the true names and capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 50, inclusive, are unknown to Plaintiffs at this time, who therefore sue said Defendants by such fictitious names and will seek leave of Court, if necessary, to amend this complaint to insert the true names and capacities of such Defendants when same have been ascertained.

4. That at all time and place of the events herein mentioned, each of the Defendants was the agent, employee and/or servant of all the other Defendants and was acting within the scope of said employment. All acts alleged to have been committed by any Defendants were committed on behalf of every other Defendant; and, at all times mentioned herein, each alleged act was committed by each Defendant, and/or agent, servant, or employee of each Defendant, and each Defendant directed, authorized, or ratified each such act. Plaintiffs are informed and believe and thereon allege that each Defendant, and each of them, was the agent, employee, coconspirator, business affiliate, subsidiary, parent entity, owner, and/or joint venturer of each other Defendant, and each of them; and, in doing the things alleged herein, was acting at least in part within the course and scope of such agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

5. The Defendants named herein pursued a common course of conduct with, acted in concert with, conspired with, and aided and abetted each other to accomplish the wrongs set forth in this complaint, and is each, in whole or in part, legally responsible for Plaintiffs' damages and relief as set forth in this complaint.

6. That at all time and place of the events herein mentioned, each of the Defendants was the agent, employee and/or servant of all the other Defendants and was acting within the scope of said employment.

7. Each and every Defendant engaged, suffered, or permitted the Plaintiffs to work and/or exercise control over the wages, hours, or working conditions of the Plaintiffs. Accordingly, each and every Defendant is an employer of the Plaintiffs within the meaning of California law.

8. Defendants CRST Expedited Inc. and Does 1 through 50, inclusive, shall hereinafter be

Law Offices of Corren & Corren
5345 N. El Dorado, Suite 7
Stockton, CA 95207
(209) 478-2621

-2-
Complaint

Exhibit A
2 of 13

collectively referred to as "Defendant."

## CLASS ACTION ALLEGATIONS

9. Plaintiff Christopher Dueker brings this action on his own behalf and pursuant to California Code of Civil Procedure Section 382, on behalf of a class consisting of himself and all others similarly situated (hereinafter the "Class").

10. Plaintiff Christopher Dueker is the representative of the Class. Pursuant to the legal causes of action referenced herein, the Class members seek from the Defendant compensatory damages, an award of interest, an award of attorney fees, an award of costs of suit incurred, liquidated damages, civil penalties, restitution, injunctive relief, declaratory relief, an accounting, and for such other and further relief as the court deems appropriate.

11. The Class consists of all Defendant truck driver employees with a home terminal or a drop location in the State of California who at any time within the four years prior to the date of the filing of the initial Complaint through the date of the final disposition of this action (the "Class Period), and who were, are, or will not be: 1) paid at least the minimum wage for all hours worked; 2) paid the agreed upon wages for all work performed; 3) provided accurate itemized wage statements; 4) paid all wages due because unlawful deductions were taken from their wages; 5) reimbursed for all necessary business expenditures and/or losses incurred in direct consequence of the discharge of their duties; 6) permitted to take one paid 10 minute rest break for every four hours worked; and/or 7) paid all wages due upon discharge.

12. The Class is definite and ascertainable, and is so numerous that the joinder of all members of the Class is not practicable. Although the number of Class members cannot be properly determined without further discovery, Plaintiff Christopher Dueker is informed and believes, and on that basis alleges, that the Class has well over 200 members and that the members' identities can be ascertained from Defendant's records.

13. There are substantial questions of law and facts common to the Class Representative and the other members of the Class. Common legal and factual issues predominate over any questions affecting only individual members of the Class including, but not limited to:

a. Whether Defendant's failure to pay Class members at least the minimum wage for all

Law Offices of Corren & Corren
5345 N. El Dorado, Suite 7
Stockton, CA 95207
(209) 478-2621

-3-
Complaint

Exhibit A
3 of 13

hours worked violates California Labor Code Section 1194;

b. Whether Defendant failed to pay Class members the agreed upon rate for all work performed in violation of California Labor Code Sections 201 & 202;

c. Whether Defendant's failure to provide Class members accurate itemized wage statements in the required manner violates California Labor Code Section 226;

d. Whether Defendant has made deductions from compensation paid to Class members in violation of California law;

e. Whether Defendant's failure to reimburse the Class members for all necessary expenditures and/or losses violates California Labor Code Section 2802;

f. Whether Defendant's failure to authorize and permit Class members to take one paid 10 minute rest break for every four hours worked violates California law;

g. Whether Defendant's failure to pay Class members all wages due within the time required by law after their employment ended violates California law;

h. Whether Defendant's actions constitute violations of the Unfair Business Practices Act, California Business & Professions Code Section 17200; and

i. Whether injunctive and declaratory relief are proper.

14. The claims of the Class Representative are typical of the claims of the Class as a whole. The Class Representative, like other Class members, was subject to Defendant's policies and practices as alleged herein. The Class Representative will fairly and adequately represent the interests of the Class and has no conflict of interest with any other Class member. The Class Representative shares the same interest as other members of the Class in this action because, like other Class members, the Class Representative has suffered financial losses due to the Defendant's unlawful acts, as described fully herein. The Class Representative has retained counsel competent and experienced in class actions and employment litigation.

15. In the interests of efficient adjudication, it is desirable to concentrate this litigation in one forum. The Defendant has acted or refused to act on grounds generally applicable to the Class as a whole. Only by adjudication of this controversy as a class action, can relief be granted so as to avoid a multiplicity of lawsuits. The Class Representative is not presently aware of any cases in which the issues

Law Offices of Corren & Corren
5345 N. El Dorado, Suite 7
Stockton, CA 95207
(209) 478-2621

– 4 –
Complaint

Exhibit A
4 of 13

in this case are being presented by members of the Class.

## FACTS COMMON TO ALL CAUSES OF ACTION

16. At all times herein mentioned, Plaintiff Christopher Dueker and the Class members were employed by and worked for Defendant.

17. During the Class Period, Plaintiff Christopher Dueker and the Class members worked for Defendant and were not compensated for all hours worked in violation of California law. Specifically, Defendant failed to compensate Plaintiff Christopher Dueker and the Class members for hours devoted to the following nonexclusive list of tasks: 1) waiting to receive route assignments; 2) waiting to deliver; 3) waiting to pick up; 4) fueling and washing trucks; 5) pre and post trip inspections; 6) completing paperwork; 7) performing basic truck maintenance; 8) scaling loads; 9) communicating with dispatch, Defendant, shippers, and consignee; 10) lay overs and standby time; 11) hooking and unhooking trailers; 12) DOT 34 hour reset where drivers were required to stay with the truck; and 13) sleeper berth time.

18. During the Class Period, Plaintiff Christopher Dueker and the Class members worked for Defendant and were not compensated the agreed upon compensation for all work performed. Specifically, Defendant had a policy of compensating Plaintiff Christopher Dueker and the Class members based on a predetermined number of miles calculated from zip code to zip code, and not based on the actual number of miles driven, which resulted in Plaintiff Christopher Dueker and the Class members not being paid for the actual number of miles driven.

19. During the Class Period, Defendant failed to maintain or furnish records reflecting the true hours that Plaintiff Christopher Dueker and the Class members worked.

20. During the Class Period, Defendant failed to provide accurate itemized wage statements to Plaintiff Christopher Dueker and the Class members.

21. During the Class Period, Defendant unlawfully took deductions from Plaintiff Christopher Dueker and the Class members' compensation.

2. During the Class Period, Defendant failed to reimburse Plaintiff Christopher Dueker and the Class members for all necessary expenditures and/or losses incurred in direct consequence of the discharge of his or her duties.

22. During the Class Period, Defendant failed to authorize and permit Plaintiff Christopher

Law Offices of Corren & Corren
5345 N. El Dorado, Suite 7
Stockton, CA 95207
(209) 478-2621

-5-
Complaint

Exhibit A
5 of 13

Dueker and the Class members to take one paid 10 minute rest break for every four hours worked.

23. During the Class Period, Defendant failed to pay Plaintiff Christopher Dueker and the Class members all wages due on the date of their termination or within 72 hours of receipt of notice of their voluntary termination.

## REMEDIES

24. Plaintiff and the Class members are entitled to recover compensatory damages, including but not limited to, all unpaid wages, the return of all amounts unlawfully withheld and/or deducted, and reimbursement of all necessary business expenditures.

25. Plaintiff and the Class members are entitled to recover liquidated damages pursuant to California Labor Code section 1194.2.

26. Plaintiff and the Class members are entitled to an award of actual damages for Defendant's failure to provide itemized wage statements in an amount to be proven at trial or in the alternative, statutory damages.

27. Plaintiff and the Class members are entitled to recover one additional hour of pay per day at Plaintiff and the Class members' regular rate of compensation as additional wages for Defendant's failure to provide a paid rest break and to relieve Plaintiff and the Class members of all duties during each required rest period.

28. Plaintiff and the Class members are entitled to recover waiting time penalties pursuant to California Labor Code section 203 and other penalty wages.

29. Plaintiff and the Class members are entitled to recover interest, including prejudgment interest, at the legal rate in an amount according to proof.

30. Plaintiff and the Class members have incurred and continue to incur legal expenses and attorney fees in an amount according to proof.

## FIRST CAUSE OF ACTION
### (Failure To Pay Minimum Wage Compensation –
### Cal. Labor Code Sections 1194)

31. The allegations set forth in Paragraphs 1 through 30 are realleged and incorporated herein by reference.

Law Offices of Corren & Corren
5345 N. El Dorado, Suite 7
Stockton, CA 95207
(209) 478-2621

–6–
Complaint

Exhibit A
6 of 13

32. At all times relevant to this action, Plaintiff Christopher Dueker and the Class members worked for Defendant.

33. At all times relevant to this action, Defendant failed to pay Plaintiff Dueker and the Class members the minimum wage compensation for all hours worked, in violation of California Labor Code section 1194.

34. As a result of Defendant's failure to pay minimum wage compensation, Plaintiff Dueker and the Class members have been damaged in that they have not received wages due and owing pursuant to California law in an amount to be ascertained at the trial of the matter according to proof.

WHEREFORE, Plaintiff Dueker and the Class members request relief as hereinafter provided.

## SECOND CAUSE OF ACTION

### (Nonpayment of Wages –

### Cal. Labor Code Sections 201 & 202)

35. The allegations set forth in Paragraphs 1 through 30 are realleged and incorporated herein by reference.

36. At all times relevant to this action, Plaintiff Christopher Dueker and the Class members worked for Defendant.

37. At all times relevant to this action, Defendant failed to pay Plaintiff Dueker and the Class members the agreed upon wage compensation for all work performed, in violation of California Labor Code sections 201 and 202.

38. As a result of Defendant's failure to pay the agreed upom wage compensation, Plaintiff Dueker and the Class members have been damaged in that they have not received wages due and owing pursuant to California law in an amount to be ascertained at the trial of the matter according to proof.

WHEREFORE, Plaintiff Dueker and the Class members request relief as hereinafter provided.

## THIRD CAUSE OF ACTION

### (Failure To Maintain Time Records, Provide Itemized Statements –

### Cal. Labor Code Sections 226 and 1174)

39. The allegations set forth in Paragraphs 1 through 30 are realleged and incorporated herein by reference.

Law Offices of Corren & Corren
5345 N. El Dorado, Suite 7
Stockton, CA 95207
(209) 478-2621

– 7 –
Complaint

Exhibit A
7 of 13

40. Cal. Labor Code sections 226 and 1174 require that Defendant keep written daily records of each of its employee's hours of work and meal breaks and to maintain such records for at least three years; and to provide each employee with each periodic wage payment a writing setting forth, among other things, the dates of labor for which payment of wages is made, the total hours of work for which payment of wages is made, the gross wages earned, the net wages paid, all deductions from those wages, and the name and address of the employer.

41. Defendant failed to keep and maintain written records of the daily hours Plaintiff Christopher Dueker and the Class members worked as required by California law.

42. Defendant knowingly and intentionally failed to provide Plaintiff Dueker and the Class members with accurate itemized wage statements for each periodic wage payment as required by California law.

43. As a direct and proximate result of Defendant's actions as alleged herein, Plaintiff Dueker and the Class members were injured and suffered losses in amounts to be determined at trial.

WHEREFORE, Plaintiff Dueker and the Class members request relief as hereinafter provided.

## FOURTH CAUSE OF ACTION

**(Unlawful Deductions From Wages –**

**Labor Code Sections 221, 223, 400-410, and IWC Wage Order 9)**

44. The allegations set forth in Paragraphs 1 through 30 are realleged and incorporated herein by reference.

45. Pursuant to California Labor Code Section 221, Defendant may not collect or receive from Plaintiff Christopher Dueker and the Class members any part of the compensation paid by Defendant to said employees.

46. At all times relevant to this action, Defendant unlawfully took deductions from Plaintiff Dueker and the Class members' compensation.

47. As a direct and proximate result of Defendant's actions as alleged herein, Plaintiff Dueker and the Class members were injured and suffered losses in amounts to be determined at trial.

WHEREFORE, Plaintiff Dueker and the Class members request relief as hereinafter provided.

///

Law Offices of Corren & Corren
5345 N. El Dorado, Suite 7
Stockton, CA 95207
(209) 478-2621

-8-
Complaint

Exhibit A
8 of 13

## FIFTH CAUSE OF ACTION

### (Reimbursement of Expenses - Labor Code Section 2802)

48. The allegations set forth in Paragraphs 1 through 30 are realleged and incorporated herein by reference.

3. Pursuant to California Labor Code Section 2802, Defendant was required to reimburse employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.

4. At all times relevant to this action, Plaintiff Christopher Dueker and the Class members incurred necessary expenditures and/or losses in direct consequence of the discharge of their duties.

5. At all times relevant to this action, Defendant failed to reimburse Plaintiff Dueker and the Class members for all necessary expenditures.

6. As a direct and proximate result of Defendant's actions as alleged herein, Plaintiff Dueker and the Class members were injured and suffered losses in amounts to be determined at trial.

WHEREFORE, Plaintiff Dueker and the Class members request relief as hereinafter provided.

## SIXTH CAUSE OF ACTION

### (Failure to Provide Paid Rest Breaks –
### Cal. Labor Code Section 226.7, IWC Wage Order 9)

49. The allegations set forth in Paragraphs 1 through 30 are realleged and incorporated herein by reference.

50. Industrial Welfare Commission Wage Order 9 and California Labor Code section 226.7 require that Defendant authorize and permit Plaintiff Christopher Dueker and the Class members to take one paid 10 minute rest break for every 4 hours worked.

51. Defendant neither authorized nor permitted Plaintiff Dueker and the Class members to take such paid rest breaks.

52. Plaintiff Dueker and the Class members are entitled to be paid one additional hour of pay per day at Plaintiff Dueker and the Class members' regular rate of compensation as additional wages for Defendant's failure to provide a paid rest break and to relieve Plaintiff Dueker and the Class members of all duties during each required rest period.

Law Offices of Corren & Corren
5345 N. El Dorado, Suite 7
Stockton, CA 95207
(209) 478-2621

–9–
Complaint

Exhibit A
9 of 13

53. As a direct and proximate result of Defendant's actions as alleged herein, Plaintiff Dueker and the Class members were injured and suffered losses in amounts to be determined at trial.

WHEREFORE, Plaintiff Dueker and the Class members request relief as hereinafter provided.

### SEVENTH CAUSE OF ACTION

### (Failure To Pay All Wages Due Upon Discharge –

### Labor Code Sections 201, 202 & 203)

54. The allegations set forth in Paragraphs 1 through 30 are realleged and incorporated herein by reference.

55. Pursuant to California Labor Code Sections 201 & 202, terminated employees are entitled to be paid all wages due upon termination in the event of a discharge or voluntary termination with requisite notice, or within 72 hours of termination in the event of a voluntary termination without notice.

56. At all times relevant to this action, Plaintiff Christopher Dueker and the Class members were discharged from their employment with Defendant within the meaning of California Labor Code Sections 201 or 202.

57. At all times relevant to this action, Defendant has willfully failed to pay Plaintiff Dueker and the Class members wages due. Accordingly, pursuant to California Labor Code Sections 201 & 202, payment of these wages was due to them at the conclusion of their employment.

58. By willfully failing to pay wages due in accordance with California Labor Code Sections 201 or 202, as applicable, Defendant is liable for penalties pursuant to California Labor Code Section 203.

59. Pursuant to California Labor Code Section 203, Plaintiff Dueker and the Class members are entitled to waiting time penalties of up to 30 days wages, for each occurrence, in an amount to be proven at trial.

WHEREFORE, Plaintiff Dueker and the Class members requests relief as hereinafter provided.

///

///

///

Law Offices of Corren & Corren
5345 N. El Dorado, Suite 7
Stockton, CA 95207
(209) 478-2621

-10-
Complaint

Exhibit A
10 of 13

## EIGHTH CAUSE OF ACTION

**(Unlawful Business Practices)**

**(Violation of California Business & Professions Code Section 17200)**

60. The allegations set forth in Paragraphs 1 through 30 are realleged and incorporated herein by reference.

61. The California Unfair Business Practices Act, Cal. Bus. & Prof. Code Section 17200 et seq. prohibits business practices which are "unlawful."

62. By engaging in the acts and conduct alleged herein, Defendant has committed, and is continuing to commit, ongoing unlawful business practices within the meaning of Cal. Bus. & Prof. Code Section 17200.

63. The unlawful business practices described above have proximately resulted in monetary loss to Plaintiff Christopher Deuker, the Class members, and to the general public.

64. Pursuant to Cal. Bus. & Prof. Code Section 17203, Plaintiff Dueker, the Class members, all persons similarly situated, and the general public are entitled to: a) restitution of money acquired by Defendant by means of its unlawful business practices, in amounts not yet ascertained but to be ascertained at trial; b) injunctive relief against Defendant's continuation of its unlawful business practices; and c) a declaration that Defendant's business practices are unlawful within the meaning of the statute.

WHEREFORE, Plaintiff Dueker and the Class members request relief as hereinafter provided.

## NINTH CAUSE OF ACTION

**(Unfair Business Practices)**

**(Violation of California Business & Professions Code Section 17200)**

65. The allegations set forth in Paragraphs 1 through 30 are realleged and incorporated herein by reference.

66. The California Unfair Business Practices Act, Cal. Bus. & Prof. Code Section 17200 et seq. also prohibits businesses and/or individuals from engaging in business practices which are "unfair."

67. By engaging in the acts and conduct alleged herein, Defendant has committed, and is

Law Offices of Corren & Corren
5345 N. El Dorado, Suite 7
Stockton, CA 95207
(209) 478-2621

-11-
Complaint

Exhibit A
11 of 13

continuing to commit, ongoing unfair business practices within the meaning of Cal. Bus. & Prof. Code Section 17200.

68. The unlawful business practices described above have proximately resulted in monetary loss to Plaintiff Christopher Dueker, the Class members, and to the general public.

69. Pursuant to Cal. Bus. & Prof. Code Section 17203, Plaintiff Dueker, the Class members, all persons similarly situated, and the general public are entitled to: a) restitution of money acquired by Defendant by means of its unfair business practices, in amounts not yet ascertained but to be ascertained at trial; b) injunctive relief against Defendant's continuation of its unfair business practices; and c) a declaration that Defendant's business practices are unfair within the meaning of the statute.

WHEREFORE, Plaintiff Dueker and the Class members request relief as hereinafter provided.

## REQUEST FOR JURY TRIAL

Wherefore, Plaintiffs request a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. Certification of this action as a class action on behalf of the proposed Class;
2. Designation of Plaintiff Christopher Dueker as the Representative of the Class;
3. For compensatory damages, including but not limited to, all unpaid wages, return of all amounts unlawfully withheld, and reimbursement of necessary business expenditures;
4. For an award of interest allowed by law, including but not limited to, prejudgment interest, at the legal rate;
5. For an award of liquidated damages, penalty wages, waiting time penalties, and all other civil penalties to the full extent allowable under the law;
6. For restitution of monies unlawfully and/or unfairly acquired by Defendant;
7. For appropriate injunctive and/or declaratory relief prohibiting the recurrence and/or continuation of Defendant's unlawful and unfair business practices;
8. For an award of attorney's fees;
9. For costs of suit incurred;
10. For an accounting; and

Law Offices of Corren & Corren
5345 N. El Dorado, Suite 7
Stockton, CA 95207
(209) 478-2621

-12-
Complaint

Exhibit A
12 of 13

11. For such other and further relief as the court may deem appropriate.

DATED: 12-26-17

LAW OFFICES OF CORREN & CORREN

_____
ADAM BLAIR CORREN
Attorney for Plaintiffs

Law Offices of Corren & Corren
5345 N. El Dorado, Suite 7
Stockton, CA 95207
(209) 478-2621

-13-
Complaint

Exhibit A
13 of 13