1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CHRISTOPHER DUEKER

    Petitioner(s),

    v.

CRST EXPEDITED INC

    Respondent(s).

Case No.
2:18−cv−08751−FMO−FFM

**ORDER Re: MOTIONS FOR CLASS CERTIFICATION**

A deadline for motion for class certification[1] has been set in the above-captioned case. Any motion(s) for class certification **shall** comply with all Federal Rules of Civil Procedure and Local Rules, as well as this Order. Please be advised that this Order contains requirements more specific than the Local Rules and Federal Rules of Civil Procedure.

    1. <u>Joint Brief</u>:  The parties shall work cooperatively to create a single, *fully integrated* joint brief covering each party's position, in which each issue (or sub-issue) raised by a party is immediately followed by the opposing party's/parties' response. The joint brief shall set out each issue (or sub-issue), including legal argument and direct citation to the evidence, followed <u>seriatim</u>

_____

[1] This Order applies to any motion for certification pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. It also applies to any motion for decertification of a previously certified class.

by the response with respect to that issue (or sub-issue), including legal argument and direct citation to evidence.

2. <u>Citation to Evidence</u>:  All citation to evidence in the joint brief shall be directly to the exhibit and page number(s) of the evidentiary appendix, (<u>see</u> <u>infra</u> at ¶ 5), or page and line number(s) of a deposition. Parenthetical explanations are encouraged. The parties shall cite to relevant evidence to support factual assertions throughout the joint brief. Failure to cite to evidence in support of a factual assertion may be deemed the party's admission that the party lacks evidence of that fact. Evidence not cited by a party in the joint brief may be deemed admitted to be irrelevant.

3. <u>Unnecessary Sections</u>:  The parties need not include a "procedural history" section, since the court will be familiar with the procedural history. The court is also familiar with the general standard for class certification, so that need not be argued. However, if a party believes a specialized standard is applicable, the party may brief such a standard. If preliminary issues - such as choice of law - are in dispute, the parties shall brief such issues in accordance with ¶ 1, <u>supra</u>.

4. <u>Page Limitation</u>:  Each separately-represented party shall be limited to twenty-five (25) pages, exclusive of tables of contents and authorities. Repetition shall be avoided and, as always, brevity is preferred. Leave for additional space will be given only in extraordinary cases. The excessive use of footnotes in an attempt to avoid the page limitation shall not be tolerated. All substantive material, other than brief argument on tangential issues, shall be in the body of the brief.

5. <u>Evidentiary Appendix</u>:  The joint brief shall be accompanied by one separate, tabbed appendix of declarations and written evidence (including documents, photographs, deposition excerpts, etc.). <u>See</u> Local Rule 7-6. Declarations shall set out facts that would be admissible in evidence, and shall *not* contain argument. <u>See</u> Local Rule 7-7. Depositions, <u>see</u> Local Rule 32-1, and physical exhibits shall be lodged separately. The evidentiary appendix shall

1    include a table of contents.

2        If the evidentiary appendix exceeds 50 pages, the evidence must be separately

3    bound and tabbed and include an index. If such evidence exceeds **300** pages, the

4    documents shall be placed in **three-ring binders**, with an index and with each

5    item of evidence separated by a divider with a tab on the right side. In addition,

6    counsel shall provide an electronic copy (i.e., cd, dvd, or flash drive) of the

7    documents in a single, OCR-scanned, .pdf file with each item of evidence separated

8    by labeled bookmarks. Counsel shall ensure that all documents are legible.

9        6.  Evidentiary Objections:  All necessary evidentiary objections shall be made

10   in the relevant section(s) of the joint brief.

11       7.  Schedule for Preparation and Filing of Joint Brief:  The briefing schedule

12   for the joint brief shall be as follows:

13       A.  **Meet and Confer**:  In order for a motion for class certification to

14       be filed in a timely manner, the meet and confer must take place no later

15       than thirty-five (35) days before the deadline for class certification motions

16       set forth in the Court's Case Management and Scheduling Order. It shall

17       be the responsibility of counsel for the moving party to arrange for this

18       conference. Counsel for the parties shall meet and confer in person at an

19       agreed-upon location within the Central District of California to narrow

20       and crystallize the issues to be argued in the class certification motion.

21       The parties shall discuss each issue to be raised in the motion, as well as

22       the law and evidence relevant to that issue, so that the parties' briefing

23       reflects that they are fully cognizant of the other side's position(s). If the

24       briefing reveals that the parties are not on the same page with respect to

25       the issues and position(s) presented, the motion shall be stricken.

26       B.  No later than seven (7) days after the meet and confer, the moving

27       party shall personally deliver or e-mail to the opposing party an electronic

28       copy of the moving party's portion of the joint brief, together with the

moving party's portion of the evidentiary appendix.

C.  No later than fourteen (14) days after receiving the moving party's papers, the opposing party shall personally deliver or e-mail to the moving party an electronic copy of the integrated motion, which shall include the opposing party's portion of the joint brief, together with the opposing party's portion of the evidentiary appendix.

D.  No later than two (2) days after receiving the integrated version of the motion and related papers, the moving party shall finalize it for filing. The moving party may not make any further revisions to the joint brief other than finalizing the document for filing. Once finalized, the joint brief shall be provided to the opposing party's counsel who shall sign it and return it to the moving party's counsel no later than the end of the next business day. The moving party's counsel shall sign and electronically file the joint brief, the evidentiary appendix, and joint appendix of undisputed and disputed facts no later than one business day after receiving the opposing party's signed copy. The joint brief shall be accompanied by a Notice of Motion and Motion for Class Certification, and shall be calendared pursuant to the Local Rules.

E.  **Supplemental Memorandum**:  After the joint brief is filed, each party may file a supplemental memorandum of points and authorities no later than fourteen (14) days prior to the hearing date. The supplemental memorandum shall not exceed ten (10) pages in length. No other separate memorandum of points and authorities shall be filed by either party in connection with the motion for class certification.

8.  Failure to Comply with this Order:  If it appears from the joint brief that the parties have not discharged their meet and confer obligations in good faith, that the parties have not worked to fully integrate the document, or that the parties have otherwise failed to fully comply with this Order, the motion

1    shall be stricken, and the parties shall be required to repeat the process. If it

2    appears that one (or more) of the parties is primarily responsible for the failure

3    to properly file an adequate joint brief, the primarily responsible party or parties

4    shall be subject to appropriate sanctions.

5        **IT IS SO ORDERED.**

6
     DATED: November 19, 2018                    _____/s/_____
7                                                   Fernando M. Olguin
                                                 United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28