# EXHIBIT 1

Ex. 1, p. 1

```
Adam Blair Corren, SBN: 183067
Spencer D. Sinclair, SBN: 294340
LAW OFFICES OF CORREN & CORREN
5345 N. El Dorado, Suite 7
Stockton, CA 95207
Telephone: (209) 478-2621
Facsimile: (209) 478-3038
acorren@correnlaw.com
ssinclair@correnlaw.com
```

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DUEKER, on behalf of himself and all persons similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>CRST EXPEDITED INC., and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. 2:18-cv-08751 FMO (FFMx)<br><br>**DECLARATION OF CHRISTOPHER DUEKER IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |

I, CHRISTOPHER DUEKER, declare as follows:

1. I am over eighteen years of age and I am the Plaintiff in the above-captioned lawsuit.

2. I have personal knowledge of the matters stated herein and if called as a witness I could and would so testify.

3. This Declaration is made in support of Plaintiffs' Motion for Class Certification.

4. I understand that in bringing this lawsuit I am seeking to act on behalf of other former or

Law Offices of Corren & Corren
5345 N. El Dorado, Suite 7
Stockton, CA 95207
(209) 478-2621

-1-
Dueker Decl. In Support of Motion for Class Certification

Ex. 1, p. 2

1  current drivers whom Defendant employed in California at any time since December 27, 2013, in
2  addition to myself. As a class representative, I intend to continue to look out for their interests
3  regarding the claims asserted in this action. I understand that as a class representative I cannot put my
4  interests ahead of those whom I represent. I do not have any interests or claims against Defendant that
5  conflict with the interests of the proposed class. I am not aware of any conflicts or issues between
6  myself and any other Class member.

7       5.    I was employed by Defendant as a truck driver from approximately February 15, 2017
8  to December 16, 2017. Throughout my employment, I resided in California and listed my California
9  mailing address with Defendant, which Defendant used on my W-2 tax form. Defendant withheld
10 California taxes from my wages. I also underwent training and orientation to work for Defendant at their
11 Riverside, CA facility, and at times, resided at said facility while waiting for an assignment.

12      6.    The Defendant Class member drivers share the same normal job duties as Class member
13 drivers and are responsible for driving a truck owned by Defendant to pick up freight and deliver it to
14 specific destinations.

15      7.    Pursuant to Defendant's training and driver handbooks, I was instructed to follow the
16 U.S. Department of Transportation ("DOT") regulations regarding how many hours I could drive, how
17 many hours I had to be in the sleeper berth before I could drive again, and how to maintain DOT
18 driver's logs. While employed by Defendant, I never completed nor was I instructed to complete any
19 timecards to track the total hours I worked for Defendant, and it is my understanding that the same is
20 true for all Defendant drivers. The only time keeping records Defendant maintained for me and other
21 drivers was the DOT mandated driver's logs, which record a Class member driver's time in one of 4
22 time categories: 1) driving; 2) on duty; 3) sleeper berth; and 4) off duty. These logs are maintained to
23 establish compliance with DOT regulations and do not keep track of the actual hours worked.

24      8.    Defendant uses a team driving model in which one Class member driver is driving or on
25 duty, and the other Class member driver (or "co-driver") is in sleeper berth. When one Class member
26 driver reaches his/her maximum drivetime hours, the second Class member driver then assumes the
27 driving duties while the first Class member driver switches to sleeper berth time. Using this model, the
28 truck remains in almost constant motion.

Law Offices of Corren & Corren
5345 N. El Dorado, Suite 7
Stockton, CA 95207
(209) 478-2621

-2-
Dueker Decl. In Support of Motion for Class Certification

Ex. 1, p. 3

9. While the truck was in motion and the other Class member driver was driving, I was required to be inside the truck. It was not possible for me to leave the truck or otherwise not remain with the truck while it was in motion.

10. Defendant compensated me on a per mile basis. For each trip, Defendant calculated the number of trip miles and then multiplied that number by my per mileage rate. It is my understanding from attending Defendant's training and receiving Defendant's driver handbook that Defendant compensates all Class member drivers in this same manner, although each driver's per mileage rate may be different.

11. While employed by Defendant I never received an hourly wage, and it is my understanding that Defendant does not compensate its Class member drivers an hourly wage. It is also my understanding that Defendant did not compensate me or its Class member drivers for any sleeper berth time while the truck was in motion. I have never received compensation from Defendant for sleeper berth time.

12. As a result of Defendant's team driving model, I was required to be with the truck for almost 24 hours per day.

13. The payroll wage statements I received from Defendant did not include all of the hours I worked, and the payroll wage statements themselves indicate the hours worked were based on "unaudited log data." Based on a review of my payroll wage statements, it is impossible that the hours worked listed on the statements accounted for all driving, on duty, and sleeper berth time while the truck was in motion. I believe the hours worked figure encompasses only my on duty and driving time which was recorded in the driver's logs. My pay stubs never itemized a category for: "nonproductive" hours, the total hours of compensable rest breaks, or the compensation for such nonproductive and rest break time.

14. I was never separately compensated for rest break time while employed by Defendant. It is my understanding that Defendant does not separately compensate the Class member drivers for rest break time.

15. During my employment with Defendant, I spent time confined to the sleeper berth while the truck was moving within California.

Law Offices of Corren & Corren
5345 N. El Dorado, Suite 7
Stockton, CA 95207
(209) 478-2621

-3-
Dueker Decl. In Support of Motion for Class Certification

Ex. 1, p. 4

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: 10/31/19

_____
CHRISTOPHER DUEKER

Law Offices of Corren & Corren
5345 N. El Dorado, Suite 7
Stockton, CA 95207
(209) 478-2621

-4-
Dueker Decl. In Support of Motion for Class Certification

Ex. 1, p. 5