# EXHIBIT 47

Page 1

```
 1                UNITED STATES DISTRICT COURT
 2                EASTERN DISTRICT OF CALIFORNIA
 3
 4   CHRISTOPHER DUEKER, on behalf of    )
     himself and all persons similarly   )
 5   situated,                           )
                                         )
 6              Plaintiff,               ) Case No.
                                         ) 2:18-cv-00381-JAM-
 7        vs.                            ) CKD
                                         )
 8   CRST EXPEDITED, INC., and DOES      )
     1-50, inclusive,                    )
 9                                       )
                Defendant.               )
10   _____)
11
12
13              VIDEOTAPED DEPOSITION OF
14                 CHRISTOPHER DUEKER
15              Tuesday, April 2, 2019
16                     --oOo--
17
18
19
20
21
22
23   Reported by:   Julie C. Rozell, California CSR No. 14107
     Reference No. 45238
24
25   Job No. 158402
```

```
                                                              Page 2
1                        APPEARANCES:
2    For the Plaintiff:
3    CORREN & CORREN
     BY:  ADAM CORREN, ESQ.
4    5345 North El Dorado
     Stockton, California  95207
5
6
7    For the Defendant:
8    SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY
     BY:  JAMES HANSON, ESQ.
9    10 West Market Street
     Indianapolis, Indiana  46204
10
11
12   SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY
     BY:  CHARLES ANDREWSCAVAGE, ESQ.
13   30 West Monroe Street
     Chicago, Illinois  60603
14
15
16
17   Also Present:
18   George Alberts, videographer
19                        --oOo--
20
21
22
23
24
25
```

Page 88

1  Q   How long did you work as a CDL truck driver
2  working over the road?
3  A   How long did I --
4  Q   How long did you do that?  How long were you a
5  CDL driver -- I'm sorry -- for CRST?
6  A   For ten months.
7  Q   Now, in that ten months, did you ever take a
8  ten-hour break?
9       MR. CORREN:  Objection -- hang on.
10      Objection.  Vague and ambiguous as to the term
11 "break."  Calls for legal analysis, legal conclusion.
12      You can answer if you understand the question.
13      THE WITNESS:  Well, I don't think I understand
14 it.
15      There were -- are you -- are you asking, you
16 know, did I drive for five hours, then take lunch, then
17 get back in, then -- I don't know what you're asking for.
18 BY MR. HANSON:
19 Q   You said you had a maximum of 14 hours, your
20 14-hour clock started.  At the end of 14 hours, before
21 you could drive again, what would you have to do?
22 A   I believe the requirement was you had to be in
23 sleeper berth for ten hours.
24 Q   Or at least be off-duty inside or outside of the
25 sleeper berth for ten hours?