Adam Blair Corren, SBN: 183067
Spencer D. Sinclair, SBN: 294340
LAW OFFICES OF CORREN & CORREN
5345 N. El Dorado, Suite 7
Stockton, CA 95207
Telephone: (209) 478-2621
Facsimile: (209) 478-3038
acorren@correnlaw.com
ssinclair@correnlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTOPHER DUEKER, on behalf of himself and all persons similarly situated,**<br><br>Plaintiffs,<br><br>vs.<br><br>**CRST EXPEDITED INC., and DOES 1 through 50, inclusive,**<br><br>Defendants. | **Case No. 2:18-cv-08751 FMO (FFMx)**<br><br>**PLAINTIFF DUEKER'S MEMORANDUM RE: OPPOSITION TO CONSOLIDATION** |

# I. INTRODUCTION

Pursuant to this Court's Order on January 14, 2020, Plaintiff *Dueker* submits this memorandum opposing consolidation. This *Dueker* class action should not be consolidated with the *Markson* action because the factual and legal issues are very distinct, there would be undue prejudice to the *Dueker* case, and all factors weigh against consolidation.

As a result of meet and confer efforts, the class allegations in the *Tapia* case are to be dismissed in accordance with a stipulation previously filed with the Court.

# II. LEGAL ANALYSIS

**A.     The factual and legal issues are very distinct.**

The *Dueker* and *Markson* actions should not be consolidated because they do not involve common questions of law or fact. (F.R.C.P Rule 42(a))

The claims asserted in *Dueker* are very distinct from those in *Markson*. As Plaintiff *Dueker's* Motion for Class Certification makes clear, the claims and allegations in *Dueker* are very focused. Plaintiff *Dueker* has sought certification of a "Class of California drivers who were uniformly: 1) not compensated the California minimum wage for their logged sleeper berth shift segment time within the territorial boundaries of California during which there was some truck movement; 2) were not provided accurate itemized wage statements with the actual number of hours worked, among other things, as required by California law;  3) were not paid all wages due at the conclusion of their employment as required by California law; and 4) were not separately compensated for their rest breaks as required by California law." (Joint Brief Re: Plaintiffs' Motion for Class Certification 1:9-16)

On the contrary, the *Markson* action focuses almost entirely on antitrust and unfair competition claims. There are also five (5) Defendants in the *Markson* action that are not Defendants in *Dueker*. Plaintiff *Dueker* has dismissed the claim for failure to reimburse for necessary business expenses (Labor Code §2802), which was the only arguably overlapping affirmative, non-penalty based, claim.

Law Offices of Corren & Corren
5345 N. El Dorado, Suite 7
Stockton, CA 95207
(209) 478-2621

−2−
Plaintiff Dueker's Memorandum Re: Opposition to Consolidation

Nevertheless, it is anticipated the Plaintiffs in the *Markson* action will seek consolidation relying on the suggestion that both actions involve California wage and hour claims. However, the only overlapping legal claim is the request for waiting time penalties under Labor Code section 203, which is a penalty for failure to timely pay wages.

Furthermore, *Markson's* alleged entitlement to waiting time penalties is considerably more difficult to establish. *Markson's* claim to waiting time penalties is based on the allegation that there were unlawful deductions from drivers' wages. While the *Dueker* Plaintiffs do not pretend to be experts regarding the *Markson* claims, the *Dueker* Plaintiffs understand that drivers typically sign consent forms regarding the challenged deductions, which would be fatal to a claim that the deductions were unlawful. Additionally, even if the deductions were unlawful, because the drivers consented, a good faith dispute would exist and *Markson* would be unable to establish the willful element required to impose waiting time penalties under section 203.

Moreover, the parties acknowledge that waiting time penalties may only be recovered once by each class member driver. Therefore, the first case to obtain such relief will provide relief for both Classes and would extinguish the other action's entitlement to such relief. Alternatively, if one action is unsuccessful in obtaining waiting time penalties, the other action would not be precluded from seeking those penalties as the basis for entitlement to such penalties relies upon entirely different factual predicates – *Dueker*: unpaid minimum wages & *Markson*: unlawful deductions.

Accordingly, consolidation is inappropriate and not necessary just because both actions seek a particular penalty.

**B.**     <u>**Consolidation would result in undue prejudice.**</u>

In the rare event this Court finds that there are common questions of law or fact, the Court must consider a variety of factors. The most important factor in ruling upon consolidation is whether there is prejudice to the parties.

Therefore, it is the district court's responsibility to ensure that

Law Offices of Corren & Corren
5345 N. El Dorado, Suite 7
Stockton, CA 95207
(209) 478-2621

−3−
Plaintiff Dueker's Memorandum Re: Opposition to Consolidation

parties are not prejudiced by consolidation. See 9 Charles A. Wright
and Arthur R. Miller, Federal Practice and Procedure § 2385 (2d
ed.1994).

(*Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 412–413 (6th Cir. 1998))

The cases should not be consolidated because *Dueker* would be unduly prejudiced as the cases are at significantly different stages in litigation and consolidation would create significant issues regarding the procedural posture of each case. In *Dueker*, all discovery has been completed, a motion for class certification has been fully briefed, and the parties intend to immediately file motions for summary judgment after a ruling is issued in regards to class certification.

On the other hand, the *Markson* action is in the early stages of litigation. In *Markson*, it appears responsive pleadings are still being filed in the last 6 months, discovery is ongoing, and there are no pending motions for class certification or summary judgment. As the cases are at such different stages, they should not be consolidated because it would cause undue prejudice.

> Moreover, as noted by Professor Moore: "[w]here one case is ready for trial and the other case requires discovery and trial preparation, the cases should not be consolidated as a matter of sound juridical administration." 5 *Moore's Federal Practice* ¶ 42.02[3] at page 42–20.

(*Watkinson v. Great Atl. & Pac. Tea Co.*, 585 F. Supp. 879, 883 (E.D. Pa. 1984); see also *Antoninetti v. Chipotle Mexican Grill, Inc.*, No. 06CV2671–J WMC, 2007 WL 2669531, at *2 (S.D. Cal. Sept. 7, 2007))

Further, as the cases involve such different claims and seek relief for different violations, it would prejudice the parties, their counsel, and the class members they seek to represent to consolidate the cases.

///
///
///
///

### C. Other factors weigh against consolidation.

Since consolidation is discretionary, no specific test has been created to determine whether consolidation should be ordered. As such, Courts have considered a variety of factors.

> "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989). In deciding whether to consolidate, a court should consider: (1) the risk of delaying trial, *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 990 (5th Cir. 1983), cert. denied, 466 U.S. 970 (1984); (2) the risk of prejudice and confusion, *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1008 (2d Cir. 1995); and (3) the potential burden on the parties, witnesses, and available judicial resources. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990), cert. denied, 498 U.S. 920 (1990).

(*Spigen Korea Co. v. Ultraproof, Inc.*, No. CV161985DOCDFMX, 2017 WL 5508664, at *2 (C.D. Cal. Oct. 20, 2017))

Courts have also considered the following: 1) possibility of inconsistent results; 2) conflicting interest of the parties; 3) inconvenience to the parties or their counsel; 4) representation of all claimants by one attorney; and 5) overlap of witnesses and operative facts. (see *Cantrell v. GAF Corp.*, 999 F.2d 1007 (6th Cir. 1993); *Continental Bank & Trust Co. v. Ols. E. D. Platzer*, 304 F. Supp. 228 (S.D. Tex. 1969); *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 48 Fed. R. Evid. Serv. 866 (8th Cir. 1998); *Rando v. Luckenbach Steamship Co*, 155 F. Supp. 220 (E.D. N.Y. 1957); *Poulson v. Louisiana, Arkansas & Texas Transp. Co.*, 7 F.R.D. 484 (W.D. La. 1947); *Linton v. Angie's Inc.*, 288 F.R.D. 432 (D.S.D. 2012))

Here, all of the factors weigh against consolidation.

As the cases involve entirely different factual predicates, there is no risk of inconsistent results.

On the part of the non-CRST Defendants, there is significant prejudice,

Law Offices of Corren & Corren
5345 N. El Dorado, Suite 7
Stockton, CA 95207
(209) 478-2621

−5−
Plaintiff Dueker's Memorandum Re: Opposition to Consolidation

inconvenience, and conflicting interests for such Defendants to be looped into a wage and hour class action against CRST.

Discovery, law and motion practice, and a trial would be unnecessarily complex and confusing if consolidation is ordered. CRST and *Dueker* do not believe judicial economy will be served by consolidation, there will be little to no time or expense saved, and there is no risk of repetitious procedures.

> However, if the savings to the judicial system are slight, the risk of prejudice to a party must be viewed with even greater scrutiny.

(*Cantrell, supra,* 999 F.2d at 1011)

> The Court finds that the likelihood of delay and jury confusion resulting from consolidation of these two, complex actions outweighs any efficiency that might be achieved through consolidation. This action and Service Engineering do not state the same causes of action, nor do they involve the same alleged fraudulent scheme. The facts necessary to prove the claims in the respective actions are not in common, nor do the actions necessarily concern the same Navy contracts. Allowing plaintiff to pursue its claims against defendants in this separate action will not involve a substantial duplication of effort. Consolidation of the two actions would likely delay the trial of Service Engineering set for September 25, 1989.

(*Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.,* 720 F. Supp. 805, 807 (N.D. Cal. 1989))

It is understood that there are currently 15 depositions set in the *Markson* action that have nothing to do with the California wage and hour claims. Plus, the witnesses relevant to either action are not overlapping and the relevant witnesses will testify regarding different operative facts.

Importantly, the CRST Defendants, the parties most likely to benefit from a consolidated case, specifically object to consolidation. The only parties that are apparently in favor of consolidation are the *Markson* Plaintiffs – likely because *Markson* understands the *Dueker* action is much closer to resolution and do not want their claim to waiting time penalties to be extinguished by such a resolution.

As the claims alleged in these cases are so distinct and are so far along in the litigation process, it would also be unfair to Plaintiffs' counsel in either action to displace them. Plaintiffs' counsel in both actions are all experienced attorneys. In both cases, Plaintiffs' counsel has had the ability to allege claims which are the subject of the other action, but specifically has chosen to only allege the claims raised in the pleadings. It would be unfair and unjust to take such claims away from counsel who believe in their viability and thrust them upon counsel who did not wish to bring such claims from the outset.

### III. CONCLUSION

Based on the foregoing reasons and legal authority, the *Dueker* and *Markson* actions should not be consolidated.

DATED: 2/4/20                                  LAW OFFICES OF CORREN & CORREN

                                                   *Spencer D. Sinclair*
                                                 SPENCER D. SINCLAIR
                                                 Attorney for Plaintiffs