1  Christopher C. McNatt, Jr. (SBN 174559)
   cmcnatt@scopelitis.com
2  SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
   2 North Lake Avenue, Suite 560
3  Pasadena, CA 91101
   P: 626-795-4700
4  F: 626-795-4790

5  James H. Hanson (Admitted *Pro Hac Vice*)
   jhanson@scopelitis.com
6  R. Jay Taylor, Jr. (Admitted *Pro Hac Vice*)
   jtaylor@scopelitis.com
7  Elizabeth M. Bolka (Admitted *Pro Hac Vice*)
   ebolka@scopelitis.com
8  SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
   10 West Market Street, Suite 1400
9  Indianapolis, IN 46204
   P: 317-637-1777
10 F: 317-687-2414

11 Charles Andrewscavage (Admitted *Pro Hac Vice*)
   candrewscavage@scopelitis.com
12 Jared S. Kramer (Admitted *Pro Hac Vice*)
   jskramer@scopelitis.com
13 SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
   30 West Monroe Street, Suite 600
14 Chicago, IL 60603
   P: 312-255-7200
15 F: 312-422-1224

16 *Attorneys for Defendants,*
   *CRST EXPEDITED, INC. and CRST INTERNATIONAL, INC.*

**ADDITIONAL COUNSEL LISTED ON NEXT PAGE**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DUEKER, on behalf of himself and all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CRST EXPEDITED, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-08751-FMO-FFM<br><br>**JOINT SUPPLEMENTAL MEMORANDUM RE: CONSOLIDATION**<br><br>Hearing Date:<br>Time:<br>Courtroom:<br>Judge:     Hon. Fernando M. Olguin |

1

2  Adam C. Smedstad (SBN 303591)
3  asmedstad@scopelitis.com
   SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
4  3241 West McGraw Street, Suite 301F
   Seattle, WA 98199
5  P: 206-888-6192
   F: 206-299-9375

6  *Attorney for Defendants,*
7  *CRST EXPEDITED, INC. and CRST INTERNATIONAL, INC.*

8

9  Adam Blair Corren, SBN: 183067
   acorren@correnlaw.com
10 Spencer D. Sinclair, SBN: 294340
   ssinclair@correnlaw.com
11 LAW OFFICES OF CORREN & CORREN
   5345 N. El Dorado, Suite 7
12 Stockton, CA 95207
   P: 209-478-2621
13 F: 209-478-3038

14 *Attorneys for Platintiffs*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants, CRST Expedited, Inc. and CRST International, Inc. (collectively "CRST"), and Plaintiff Christopher Dueker (collectively, the "Parties") jointly submit this supplemental memorandum to explain how the proposed Fourth Amended Complaint proposed by plaintiffs in *Markson v. CRST Expedited Inc. et. al.*, 17-cv-01261-FMO-SP, ECF No. 213, affects any analysis the Court must perform when considering whether to consolidate the *Markson, Dueker,* and *Tapia* cases under its Order to Show Cause. ECF No. 205.

In their respective February 4, 2020 memoranda, ECF Nos. 84 and 85, CRST and Dueker explained that the federal and state antitrust claims and the California state law claims in *Markson* had no shared factual predicate. Additionally, CRST explained that neither sets of the *Markson* claims (federal and state antitrust claims found in Claims for Relief 1-2 and the California state law wage and hour claims found in Claims for Relief 3-7) shared a factual predicate with the California state wage and hour claims in *Dueker*. Both Dueker and CRST requested that the Court not consolidate the *Markson* and *Dueker* cases. Additionally, CRST requested that the Court sever, or at least bifurcate, Plaintiffs' California state law wage and hour claims (Claims for Relief 3-7) from the antitrust claims (Claims for Relief 1-2) in *Markson*.

On February 14, 2020, Plaintiffs' counsel in *Markson* filed a motion seeking leave to file a fourth amended complaint. *Markson v. CRST Expedited Inc. et. al.*, 17-cv-01261-FMO-SP, ECF No. 213. In that proposed amendment, the *Markson* plaintiffs seek to add three newly named defendants and to expand their antitrust class from a class of "California resident" under contract drivers to a nationwide class of drivers who worked for each defendant and were considered under contract. *Markson v. CRST Expedited Inc. et. al.*, 17-cv-01261-FMO-SP, ECF No. 213-2, Ex. A, ¶¶ 8, 147. That the *Markson* plaintiffs are now seeking to represent a nationwide class of under contract drivers only further demonstrates how the factual allegations related to the antitrust claims—which focus on an alleged no-poach agreement, now with supposedly nationwide effects—are entirely unmoored from the California state law wage and hour

claims in both *Markson* and *Dueker*—which focus on the costs of CRST's driver training program in California and how CRST compensates its drivers in California, respectively.

This proposed amendment also highlights how the burdens of consolidation substantially outweigh the benefits. *Dodaro v. Standard Pac. Corp.*, 2009 WL 10673229, at *3 (C.D. Cal. Nov. 16, 2009). Requiring CRST to defend itself against two separate and independent set of California state wage and hour claims in the midst of a complex antitrust case with nationwide implications and eight separate defendants would prejudice CRST (and potentially all other defendants), confuse the jury by intermingling antitrust facts and law with unrelated facts and law related to various California wage and hour laws, unduly delay the resolution of both sets of claims, and ultimately increase, rather than decrease, the burden on both the Court and the parties. Further, as Dueker explained in his prior memorandum, the *Dueker* and *Markson* cases involve different claims and seek relief for different violations. As a result, consolidation would only complicate and prejudice the litigation of his claims. ECF No. 85. This prejudice is only increased if more defendants and a nationwide class focus is added to the *Markson* case.

Given the additional complications that the *Markson* plaintiffs amended complaint raises in litigating both *Dueker* and *Markson* in a single matter, the Parties request that the Court decline to consolidate the cases.[1]

---

[1] CRST also requests that the Court sever the *Markson* California state law wage and hour claims from the *Markson* antitrust claims. or, in the alternative, bifurcate the California state law wage and hour claims under Federal Rule of Civil Procedure 42 and allow those state law claims to separately proceed to trial.

| | |
|---|---|
| Dated: February 25, 2020 | Respectfully submitted,<br><br>*/s/ Charles Andrewscavage*<br>Charles Andrewscavage, *(pro hac vice)*<br>candrewscavage@scopelitis.com<br>SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.<br>30 West Monroe Street, Suite 1600<br>Chicago, IL 60603<br>T: 312-255-7200<br>F: 312-422-1224<br><br>James H. Hanson, *(pro hac vice)*<br>jhanson@scopelitis.com<br>R. Jay Taylor, Jr., *(pro hac vice)*<br>jtaylor@scopelitis.com<br>SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.<br>10 West Market Street, Suite 1400<br>Indianapolis, IN 46204<br>T: 317-637-1777<br>F: 317-687-2414<br><br>*Attorneys for Defendants, CRST Expedited, Inc. and CRST International, Inc.*<br><br>*/s/ Spencer D. Sinclair*<br>Spencer D. Sinclair, SBN: 294340<br>ssinclair@correnlaw.com<br>Adam Blair Corren, SBN: 183067<br>acorren@correnlaw.com<br>LAW OFFICES OF CORREN & CORREN<br>5345 N. El Dorado, Suite 7<br>Stockton, CA 95207<br>P: 209-478-2621<br>F: 209-478-3038<br><br>*Attorneys for Plaintiffs* |

4822-0881-7845, v. 1

3